UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SOVEREIGN BANK | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : |
| BOSTON EQUIPMENT AND SUPPLY | : |
| COMPANY INC., JIM JOY HOLDINGS, | : |
| LLC, JAF ENTERPRISES, LLC F/K/A JAF | : |
| PROPERTY HOLDINGS, LLC, WILLIAM | : |
| GAFFNEY AND FRANCIS P. RICH | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

NOW COMES the Plaintiff, Sovereign Bank by and through their attorneys, Preti, Flaherty, Beliveau & Pachios, PLLP, and for its Complaint against the Defendants, alleges as follows:

1.      Sovereign brings this action to recover debts owed to Sovereign for monies loaned under various promissory notes and term notes.  In addition, Sovereign seeks to replevy specific equipment serving as collateral for certain debts owed to Sovereign.  Also Sovereign seeks to recover damages from certain guarantors, as more fully described below.  Sovereign also seeks to recover all interest, costs and attorney fees as permitted by the agreements between the involved parties.

## Parties

2.      Plaintiff Sovereign bank is a Federal Savings Bank with a principal place of business at 1130 Berkshire Boulevard, Wyomissing, Pennsylvania ("**Sovereign**").

3.      Defendant Jim Joy Holdings LLC ("**Jim Joy**") was and is a New Hampshire limited liability company with a principal place of business located at 17 Old Manchester Road, Candia, New Hampshire, County of Rockingham.

4.      Defendant Boston Equipment & supply Company, Inc. ("**BESCO**") was and is a New Hampshire corporation with a principal place of business located at 142 Main Street, Salem, New Hampshire, 03709, County of Rockingham.

5.      Defendant JAF Enterprises, LLC f/k/a JAF Property Holdings, LLC ("**JAF**") was and is a New Hampshire corporation with a principal place of business located at 17 Old Manchester Road, Candia, New Hampshire, County of Rockingham.

6.      Defendant William Gafffney ("**Gaffney**") was and is a resident of New Hampshire and has served as the President of BESCO.  He resides at 2 Jericho Road, Atkinson, New Hampshire, County of Rockingham.

7.      Defendant Francis P. Rich, Jr. ("**Rich**") was and is a resident of New Hampshire and has served as the President, Chief Executive Officer and Chairman of the Board of BESCO, President of Action Group and Manager of Jim Joy.  He resides at 62 Sandy Pond Parkway, Bedford, New Hampshire, County of Hillsborough.

## Jurisdiction and Venue

8.      This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Sovereign is a citizen of Pennsylvania and the defendant companies and individuals are citizens of New Hampshire.  The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).  Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to the

claims occurred in this judicial district, and a substantial part of the property that is subject of this action is situated in this judicial district.

## Facts

### A.      *Historical Background of the Defendants*

10.      Rich founded a group of heavy equipment rental stores in the late 1970's.  In 1985, he founded Action Group which operated eleven of these equipment rental stores.  In 1998, Rich sold Action Group's equipment rental operations, but not the Action Group entity, to a national rental company.

11.      Not all of Rich's equipment rental stores were held in Action Group and BESCO was never sold off to the national rental company.  However, due to his non-compete agreement with the national rental company Rich was required to sell BESCO.

12.      Rich sold BESCO to Gaffney, a long time employee and BESCO's sales manager.  Gaffney was not able to successfully operate the business and BESCO filed for bankruptcy protection in July 2005.  With approval of the Bankruptcy Court, Rich resumed control of BESCO.

13.      Jim Joy has primarily been a real estate entity.  Its primary asset was the main rental facility for the Action Group prior to the sale to the national rental company.  The building was sold to a third party in 2005.  Jim Joy continues to hold a modest level of rental equipment that is leased to other rental facilities in the area.  Sovereign provides a line of credit which funds Jim Joy's miscellaneous costs and investments.  Rich is the manager of Jim Joy.

14.      BESCO is the principal operating company of Rich's entities.  Its cash flow primarily funds all Sovereign loan payments due from all the entities.  Sovereign has provided various credit facilities to BESCO.  Rich controls BESCO and Gaffney is its President.

15.     On or about June 2009, Textron Financial Corporation filed a collection action against BESCO and Rich with the Rockingham County Superior Court.

16.     On or about October 15, 2009, JLG Industries and Access Financial Solutions, creditors of BESCO, Action Group and Rich, filed a collection and replevin action with this Court alleging that the Defendants defaulted on over $500,000 in various financial obligations.

17.     In the Summer/Fall of 2009, General Electric Capital Corporation filed a collection action against the Action Group and Rich with the Rockingham County Superior Court.

**B.      *Jim Joy Revolving Line of Credit Demand Note Dated March 24, 2004 in the Original Amount of $25,000 and Amended to $150,000.***

18.     On March 24, 2004, Jim Joy executed a revolving line of credit demand note in favor of Sovereign in the original principal amount of $25,000 and adjusted to a face amount of $150,000 by a series of modifications and/or amendments on November 5, 2004, April 13, 2005 and December 1, 2006 (the "**Jim Joy Note**").

19.     Contemporaneously, with the execution of the Jim Joy Note the parties executed a loan agreement (the "**Jim Joy Loan Agreement**") and on April 13, 2005 the parties executed a general security agreement (the "**Jim Joy General Security Agreement**").  The Jim Joy Loan Agreement and the Jim Joy General Security Agreement, in addition to granting other rights, granted Sovereign a blanket lien in all of Jim Joy's equipment, inventory, accounts and property to secure payment and performance of Jim Joy.

20.     On March 30, 2004 and June 30, 2005, Sovereign filed UCC-1's with the New Hampshire Secretary of State, covering the collateral listed in the Jim Joy Loan Agreement and Jim Joy General Security Agreement.

21.     Additionally, on March 24, 2004 and April 13, 2005, Rich executed continuing personal guaranties on the Jim Joy Note (the "**Rich/Jim Joy Guaranties**") in favor of Sovereign.

22.     Under the Rich/Jim Joy Guaranties, Rich guaranteed to make payments and undertake the performance of any obligations due to Sovereign by Jim Joy.  Sovereign is not required to exhaust its legal remedies for recovery and collection against Jim Joy before looking to Rich for payment.

23.     On or about November 23, 2009, Sovereign sent a letter of default and made demand upon Jim Joy and Rich for payment of unpaid principal, interest and late charges.  Jim Joy and/or Rich have failed to cure said default and are in breach of their contractual obligations to Sovereign.

**C.     *BESCO Revolving Line of Credit Demand Note Dated February 10, 2006 in the Original Amount of $300,000 and Amended to $600,000.***

24.     On February 10, 2006, BESCO executed a revolving line of credit demand note in favor of Sovereign in the original principal amount of $300,000 and adjusted to a face amount of $600,000 by a series of modifications and/or amendments on February 16, 2007 and October 4, 2007 (the "**BESCO RLOC**").

25.     Contemporaneously, with the execution of the BESCO RLOC the parties executed a loan and security agreement (the "**BESCO RLOC Loan Agreement**").  The BESCO RLOC Loan Agreement, in addition to granting other rights, granted Sovereign a blanket lien in all of BESCO's equipment, inventory, accounts and property to secure payment and performance of BESCO.

26.     On February 13, 2006, Sovereign filed a UCC-1 with the New Hampshire Secretary of State, covering the collateral listed in the BESCO RLOC Loan Agreement.

27.     On February 10, 2006, Rich executed a continuing personal guaranty on the BESCO RLOC (the "**Rich/BESCO RLOC Guaranty**") in favor of Sovereign.

28.     Also on February 10, 2006, Gaffney executed a continuing personal guaranty on the BESCO RLOC (the "**Gaffney/BESCO RLOC Guaranty**") in favor of Sovereign.

29.     Also on February 10, 2006, JAF executed a continuing personal guaranty on the BESCO RLOC (the "**JAF/BESCO RLOC Guaranty**") in favor of Sovereign.

30.     Under the Rich/BESCO RLOC Guaranty, Gaffney/BESCO RLOC Guaranty and JAF/BESCO RLOC Guaranty, the guarantors guaranteed to make payments and undertake the performance of any obligations due to Sovereign by BESCO.  Sovereign is not required to exhaust its legal remedies for recovery and collection against BESCO before looking to Rich, Gaffney and/or JAF for payment.

31.     On or about November 23, 2009, Sovereign sent a letter of default and made demand upon BESCO, Rich and JAF for payment of unpaid principal, interest and late charges. BESCO, Rich and JAF have failed to cure said default and are in breach of their contractual obligations to Sovereign.

**D.      *BESCO Master Line of Credit Promissory Note Dated November 16, 2007 in the Original Amount of $400,000.***

32.     On November 16, 2007, BESCO executed a master line of credit promissory note in favor of Sovereign in the original principal amount of $400,000, which was a non-restoring equipment acquisition line that funded the purchase of specific equipment, which were added to BESCO's equipment rental inventory (the "**BESCO Equipment LOC**").   Draws upon the BESCO Equipment LOC were documented by individual sub-notes.

33.     Contemporaneously, with the execution of the BESCO Equipment LOC the parties executed a business loan agreement and commercial security agreement (the "**BESCO**

**Equipment LOC Loan Agreement**").  The BESCO Equipment LOC Loan Agreement, in addition to granting other rights, granted Sovereign a blanket lien in all of BESCO's equipment, inventory, accounts and property to secure payment and performance of BESCO.

34.     On November 16, 2007, Rich executed a continuing commercial guaranty on the BESCO Equipment LOC (the "**Rich/ BESCO Equipment LOC Guaranty**") in favor of Sovereign.

35.     Also on November 16, 2007, Gaffney executed a continuing personal guaranty on the BESCO Equipment LOC (the "**Gaffney/ BESCO Equipment LOC Guaranty**") in favor of Sovereign.

36.     Under the Rich/ BESCO Equipment LOC Guaranty and Gaffney/ BESCO Equipment LOC Guaranty, the guarantors guaranteed to make payments and undertake the performance of any obligations due to Sovereign by BESCO.  Sovereign is not required to exhaust its legal remedies for recovery and collection against BESCO before looking to Rich and Gaffney for payment.

> ***i.***     ***BESCO Sub-Note Dated November 16, 2007 in the Original Amount of $135,000.***

37.     On November 16, 2007, BESCO executed a sub-note in favor of Sovereign in the original principal amount of $135,000, to purchase two (2) Magtec Systems Tundra 1500 portable heating units, serial numbers 1H9SU10257C535541 and 1H9SU10277C535542 (the "**BESCO $135,000 Sub-Note**").

38.     The BESCO $135,000 Sub-Note was a purchase money security interest as defined the Uniform Commercial Code, contemporaneously with the execution of the BESCO $135,000 Sub-Note the parties executed a commercial security agreement and disbursement request and authorization (the "**BESCO $135,000 Sub-Note Security Agreement**").  The

BESCO $135,000 Sub-Note Security Agreement, in addition to other rights, granted Sovereign a lien in the two (2) Magtec Systems Tundra 1500 portable heating units, serial numbers 1H9SU10257C535541 and 1H9SU10277C535542, to secure payment and performance of BESCO.

39.     On December 10, 2007, Sovereign filed a UCC-1 with the New Hampshire Secretary of State, covering the collateral listed in the BESCO $135,000 Sub-Note Security Agreement.

40.     Under the Rich/ BESCO Equipment LOC Guaranty and Gaffney/ BESCO Equipment LOC Guaranty, the guarantors guaranteed all the advances under the BESCO Equipment LOC, including all sub-notes thereof.

41.     On or about November 23, 2009, Sovereign sent a letter of default and made demand upon BESCO and Rich for payment of unpaid principal, interest and late charges. BESCO and Rich have failed to cure said default and are in breach of their contractual obligations to Sovereign.

> ### ii.     *BESCO Sub-Note Dated November 16, 2007 in the Original Amount of $66,178.*

42.     On November 16, 2007, BESCO executed a sub-note in favor of Sovereign in the original principal amount of $66,178, to purchase one (1) Magtec Systems XE 1500D portable heating unit, model number 17-2006, serial number 1P9BF16237F554023 (the "**BESCO $66,178 Sub-Note**").

43.     The BESCO $66,178 Sub-Note was a purchase money security interest as defined the Uniform Commercial Code, contemporaneously with the execution of the BESCO $66,178 Sub-Note the parties executed a commercial security agreement and disbursement request and authorization (the "**BESCO $66,178 Sub-Note Security Agreement**").  The BESCO $66,178

Sub-Note Security Agreement, in addition to granting other rights, granted Sovereign a lien in one (1) Magtec Systems XE 1500D portable heating unit, model number 17-2006, serial number 1P9BF16237F554023, to secure payment and performance of BESCO.

44.     On December 10, 2007, Sovereign filed a UCC-1 with the New Hampshire Secretary of State, covering the collateral listed in the BESCO $66,178 Sub-Note Security Agreement.

45.     Under the Rich/ BESCO Equipment LOC Guaranty and Gaffney/ BESCO Equipment LOC Guaranty, the guarantors guaranteed all the advances under the BESCO Equipment LOC, including all sub-notes thereof.

46.     On or about November 23, 2009, Sovereign sent a letter of default and made demand upon BESCO and Rich for payment of unpaid principal, interest and late charges. BESCO and Rich have failed to cure said default and are in breach of their contractual obligations to Sovereign.

### iii.   BESCO Sub-Note Dated January 18, 2008, in the Original Amount of $66,029.

47.     On January 18, 2008, BESCO executed a sub-note in favor of Sovereign in the original principal amount of $66,029, to purchase one (1) Magtec Model XE 500 portable heating unit, model number 17-3001, serial number 1H9SU10287C535101 (the "**BESCO $66,029 Sub-Note**").

48.     The BESCO $66,029 Sub-Note was a purchase money security interest as defined the Uniform Commercial Code, contemporaneously with the execution of the BESCO $66,029 Sub-Note the parties executed a commercial security agreement (the "**BESCO $66,029 Sub-Note Security Agreement**").  The BESCO $66,029 Sub-Note Security Agreement, in addition to granting other rights, granted Sovereign a lien in one (1) Magtec Model XE 500 portable

heating unit, model number 17-3001, serial number 1H9SU10287C535101, to secure payment
and performance of BESCO.

49.     On February 5, 2008, Sovereign filed a UCC-1 with the New Hampshire
Secretary of State, covering the collateral listed in the BESCO $66,029 Sub-Note Security
Agreement.

50.     Under the Rich/ BESCO Equipment LOC Guaranty and Gaffney/ BESCO
Equipment LOC Guaranty, the guarantors guaranteed all the advances under the BESCO
Equipment LOC, including all sub-notes thereof.

51.     On or about November 23, 2009, Sovereign sent a letter of default and made
demand upon BESCO and Rich for payment of unpaid principal, interest and late charges.
BESCO and Rich have failed to cure said default and are in breach of their contractual
obligations to Sovereign.

> ### iv.     BESCO Sub-Note Dated January 18, 2008, in the Original Amount of $70,193.

52.     On January 18, 2008, BESCO executed a sub-note in favor of Sovereign in the
original principal amount of $70,193, to purchase one (1) Magtec Systems XE 1500D portable
heating unit, model number 17-2006 and serial number 1P9BF16267F554002 (the "**BESCO
$70,193 Sub-Note**").

53.     The BESCO $70,193 Sub-Note was a purchase money security interest as defined
the Uniform Commercial Code, contemporaneously with the execution of the BESCO $70,193
Sub-Note the parties executed a commercial security agreement (the "**BESCO $70,193 Sub-
Note Security Agreement**").  The BESCO $70,193 Sub-Note Security Agreement, in addition
to granting other rights, granted Sovereign a lien in one (1) Magtec Systems XE 1500D portable

heating unit, model number 17-2006 and serial number 1P9BF16267F554002 to secure payment and performance of BESCO.

54.     On February 5, 2008, Sovereign filed a UCC-1 with the New Hampshire Secretary of State, covering the collateral listed in the BESCO $70,193 Sub-Note Security Agreement.

55.     Under the Rich/ BESCO Equipment LOC Guaranty and Gaffney/ BESCO Equipment LOC Guaranty, the guarantors guaranteed all the advances under the BESCO Equipment LOC, including all sub-notes thereof.

56.     On or about November 23, 2009, Sovereign sent a letter of default and made demand upon BESCO and Rich for payment of unpaid principal, interest and late charges. BESCO and Rich have failed to cure said default and are in breach of their contractual obligations to Sovereign.

<u>Count I</u>

<u>Replevin – Defendant BESCO</u>

57.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

58.     Pursuant to Sovereigns Ex Parte Motion for Replevin filed contemporaneously with this Complaint, Sovereign seeks to replevy the equipment secured by the BESCO $135,000 Sub-Note Security Agreement, the BESCO $66,178 Sub-Note Security Agreement, the BESCO $66,029 Sub-Note Security Agreement and the BESCO $70,193 Sub-Note Security Agreement (collectively the "**BESCO Equipment**") pursuant to Federal Rule of Civil Procedure 64 and New Hampshire Revised Statute 536-A:1.

59.     Sovereign is entitled to possession of the BESCO Equipment.  The equipment is Sovereign's collateral on the above referenced sub-notes.  Currently, BESCO has failed to make timely payment of the amounts owed and outstanding to Sovereign.  Therefore, Sovereign is entitled to replevy the BESCO Equipment.

60.     Despite its failure to perform its obligations under the sub-notes, BESCO has retained possession of the collateral.

61.     The BESCO Equipment is specifically described as:

    a)  One (1) Magtec Systems Tundra 1500 portable heating unit, serial number 1H9SU10257C535541;

    b)  One (1) Magtec Systems Tundra 1500 portable heating unit, serial number 1H9SU10277C535542;

    c)  One (1) Magtec Systems XE 1500D portable heating unit, model number 17-2006, serial number 1P9BF16237F554023;

    d)  One (1) Magtec Model XE 500 portable heating unit, model number 17-3001, serial number 1H9SU10287C535101; and

    e)  One (1) Magtec Systems XE 1500D portable heating unit, model number 17-2006 and serial number 1P9BF16267F554002

62.     Upon information and belief, the BESCO Equipment is located at BESCO's principal place of business at 142 Main Street, Salem, New Hampshire, 03709, County of Rockingham.

63.     Upon information and belief, and assuming that the BESCO Equipment has not been damaged or are not in need of repair, the equipment has an estimated aggregate value between $125,000 and $150,000.

64.     Upon information and belief, there are no other known lienholders that hold security interests superior to Sovereign's in the BESCO Equipment.

## Count II

### Breach of Contract (Jim Joy Note) – Defendant Jim Joy

65.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

66.     Jim Joy has failed to make payments due on the Jim Joy Note dated March 24, 2004 and modified and/or amended on November 5, 2004, April 13, 2005 and December 1, 2006.

67.     Sovereign has fully performed all terms and condition required to be performed under the Jim Joy Note.

68.     Sovereign has demanded payment from Jim Joy of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $154,111.56.

69.     As a direct and proximate cause of the foregoing breaches by Jim Joy, Sovereign has suffered damages in the amount of $154,111.56, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

## Count III

### Breach of Contract (BESCO RLOC) – Defendant BESCO

70.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

71.     BESCO has failed to make payments due on the BESCO RLOC dated February 10, 2006 and modified and/or amended on February 16, 2007 and October 4, 2007.

72.     Sovereign has fully performed all terms and condition required to be performed under the BESCO RLOC.

73.     Sovereign has demanded payment from BESCO of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $639,626.33.

74.     As a direct and proximate cause of the foregoing breaches by BESCO, Sovereign has suffered damages in the amount of $639,626.33, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count IV</u>

<u>Breach of Contract (BESCO $135,000 Sub-Note) – Defendant BESCO</u>

75.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

76.     BESCO has failed to make payments due on the BESCO $135,000 Sub-Note dated November 16, 2007.

77.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $135,000 Sub-Note.

78.     Sovereign has demanded payment from BESCO of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $121,245.61.

79.     As a direct and proximate cause of the foregoing breaches by BESCO, Sovereign has suffered damages in the amount of $121,245.61, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count V</u>

<u>Breach of Contract (BESCO $66,178 Sub-Note) – Defendant BESCO</u>

80.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

81.     BESCO has failed to make payments due on the BESCO $66,178 Sub-Note dated November 16, 2007.

82.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,178 Sub-Note.

83.     Sovereign has demanded payment from BESCO of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $58,434.15.

84.     As a direct and proximate cause of the foregoing breaches by BESCO, Sovereign has suffered damages in the amount of $58,434.15, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count VI

Breach of Contract (BESCO $66,029 Sub-Note) – Defendant BESCO

85.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

86.     BESCO has failed to make payments due on the BESCO $66,029 Sub-Note dated January 18, 2008.

87.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,029 Sub-Note.

88.     Sovereign has demanded payment from BESCO of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $61,734.03.

89.     As a direct and proximate cause of the foregoing breaches by BESCO, Sovereign has suffered damages in the amount of $61,734.03, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count VII

Breach of Contract (BESCO $70,193 Sub-Note) – Defendant BESCO

90.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

91.     BESCO has failed to make payments due on the BESCO $70,193 Sub-Note dated January 18, 2008.

92.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $70,193 Sub-Note.

93.     Sovereign has demanded payment from BESCO of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $65,704.25.

94.     As a direct and proximate cause of the foregoing breaches by BESCO, Sovereign has suffered damages in the amount of $65,704.25, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count VIII

Breach of Individual Guaranty (Jim Joy Note) – Defendant Rich

95.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

96.     Jim Joy has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the Jim Joy Note.

97.     According to the terms of the Rich/Jim Joy Guaranties, dated March 24, 2004 and April 13, 2005, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

98.     Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

99.     Sovereign has fully performed all terms and condition required to be performed under the Jim Joy Note.

100.    Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $154,111.56.

101.    Sovereign demands judgment against Rich in the amount of $154,111.56, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count IX</u>

<u>Breach of Individual Guaranty (BESCO RLOC) – Defendant Rich</u>

102.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

103.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO RLOC.

104.    According to the terms of the Rich/BESCO RLOC Guaranty dated February 10, 2006, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

105.    Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

106.     Sovereign has fully performed all terms and condition required to be performed under the BESCO RLOC.

107.     Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $639,626.33.

108.     Sovereign demands judgment against Rich in the amount of $639,626.33, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count X</u>

<u>Breach of Individual Guaranty (BESCO RLOC) – Defendant JAF</u>

109.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

110.     BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO RLOC.

111.     According to the terms of the JAF/BESCO RLOC Guaranty dated February 10, 2006, JAF is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

112.     JAF also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

113.     Sovereign has fully performed all terms and condition required to be performed under the BESCO RLOC.

114.     Sovereign has demanded payment from JAF of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $639,626.33.

115.    Sovereign demands judgment against JAF in the amount of $639,626.33, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count XI

Breach of Individual Guaranty (BESCO RLOC) – Defendant Gaffney

116.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

117.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO RLOC.

118.    According to the terms of the Gaffney/BESCO RLOC Guaranty dated February 10, 2006, Gaffney is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

119.    Gaffney also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

120.    Sovereign has fully performed all terms and condition required to be performed under the BESCO RLOC.

121.    As of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $639,626.33.

122.    Sovereign demands judgment against Gaffney in the amount of $639,626.33, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count XII

Breach of Individual Guaranty (BESCO $135,000 Sub-Note) – Defendant Rich

123.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

124.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $135,000 Sub-Note.

125.    According to the terms of the Rich/ BESCO Equipment LOC Guaranty dated November 16, 2007, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

126.    Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

127.    Sovereign has fully performed all terms and condition required to be performed under the BESCO $135,000 Sub-Note.

128.    Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $121,245.61.

129.    Sovereign demands judgment against Rich in the amount of $121,245.61, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count XIII</u>

<u>Breach of Individual Guaranty (BESCO $135,000 Sub-Note) – Defendant Gaffney</u>

130.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

131.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $135,000 Sub-Note.

132.    According to the terms of the Gaffney/ BESCO Equipment LOC Guaranty dated November 16, 2007, Gaffney is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

133.     Gaffney also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

134.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $135,000 Sub-Note.

135.     As of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $121,245.61.

136.     Sovereign demands judgment against Gaffney in the amount of $121,245.61, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count XIV</u>

<u>Breach of Individual Guaranty (BESCO $66,178 Sub-Note) – Defendant Rich</u>

137.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

138.     BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $66,178 Sub-Note.

139.     According to the terms of the Rich/ BESCO Equipment LOC Guaranty dated November 16, 2007, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

140.     Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

141.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,178 Sub-Note.

142.    Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $58,434.15.

143.    Sovereign demands judgment against Rich in the amount of $58,434.15, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count XV</u>

<u>Breach of Individual Guaranty (BESCO $66,178 Sub-Note) – Defendant Gaffney</u>

144.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

145.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $66,178 Sub-Note.

146.    According to the terms of the Gaffney/ BESCO Equipment LOC Guaranty dated November 16, 2007, Gaffney is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

147.    Gaffney also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

148.    Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,178 Sub-Note.

149.    As of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $58,434.15.

150.    Sovereign demands judgment against Gaffney in the amount of $58,434.15, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count XVI</u>

<u>Breach of Individual Guaranty (BESCO $66,029 Sub-Note) – Defendant Rich</u>

151.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

152.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $66,029 Sub-Note.

153.    According to the terms of the Rich/ BESCO Equipment LOC Guaranty dated November 16, 2007, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

154.    Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

155.    Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,029 Sub-Note.

156.    Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $61,734.03.

157.    Sovereign demands judgment against Rich in the amount of $61,734.03, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

<u>Count XVII</u>

<u>Breach of Individual Guaranty (BESCO $66,029 Sub-Note) – Defendant Gaffney</u>

158.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

159.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $66,029 Sub-Note.

160.    According to the terms of the Gaffney/ BESCO Equipment LOC Guaranty dated November 16, 2007, Gaffney is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

161.    Gaffney also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

162.    Sovereign has fully performed all terms and condition required to be performed under the BESCO $66,029 Sub-Note.

163.    As of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $61,734.03.

164.    Sovereign demands judgment against Gaffney in the amount of $61,734.03, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count XVIII

Breach of Individual Guaranty (BESCO $70,193 Sub-Note) – Defendant Rich

165.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

166.    BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $70,193 Sub-Note.

167.    According to the terms of the Rich/ BESCO Equipment LOC Guaranty dated November 16, 2007, Rich is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

168.     Rich also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

169.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $70,193 Sub-Note.

170.     Sovereign has demanded payment from Rich of the amounts outstanding; as of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $65,704.25.

171.     Sovereign demands judgment against Rich in the amount of $65,704.25, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count XIX

Breach of Individual Guaranty (BESCO $70,193 Sub-Note) – Defendant Gaffney

172.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

173.     BESCO has failed to perform its obligations to Sovereign, specifically to repay amounts owed on the BESCO $70,193 Sub-Note.

174.     According to the terms of the Gaffney/ BESCO Equipment LOC Guaranty dated November 16, 2007, Gaffney is obligated to make any payment and undertake the performance of any obligation due to Sovereign.

175.     Gaffney also has agreed to indemnify and hold harmless Sovereign for any loss, damage or expense, including attorneys' fees.

176.     Sovereign has fully performed all terms and condition required to be performed under the BESCO $70,193 Sub-Note.

179.    As of March 4, 2010 the amounts outstanding, exclusive of collections costs and attorney fees, was $65,704.25.

181.    Sovereign demands judgment against Gaffney in the amount of $65,704.25, plus all charges, attorney's fees, costs, interest and default interest that continues to accrue.

Count XX

Unjust Enrichment – Defendant BESCO

182.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

183.    BESCO has been unjustly enriched by its failure and refusal to pay Sovereign the amounts owed under the BESCO RLOC.

184.    BESCO has been unjustly enriched by its failure and refusal to pay Sovereign the amounts owed under the BESCO Equipment LOC, including all sub-notes; the BESCO $135,000 Sub-Note, the BESCO $66,178 Sub-Note, the BESCO $66,029 Sub-Note and the BESCO $70,193 Sub-Note.

185.    Sovereign is entitled to recover from BESCO the amounts owed under the BESCO RLOC, the BESCO Equipment LOC, including all sub-notes; the BESCO $135,000 Sub-Note, the BESCO $66,178 Sub-Note, the BESCO $66,029 Sub-Note and the BESCO $70,193 Sub-Note.

Count XXI

Unjust Enrichment – Defendant Jim Joy

186.    Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

187.     Jim Joy has been unjustly enriched by its failure and refusal to pay Sovereign the amounts owed under the Jim Joy Note.

188.     Sovereign is entitled to recover from Jim Joy the amounts owed under the Jim Joy Note.

## Count XXII

### *Quantum Meruit* – Defendant BESCO

189.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

190.     BESCO has used and benefited from the BESCO RLOC, the BESCO Equipment LOC, including all sub-notes; the BESCO $135,000 Sub-Note, the BESCO $66,178 Sub-Note, the BESCO $66,029 Sub-Note and the BESCO $70,193 Sub-Note, and for which full payment has not been made.

191.     Sovereign is entitled to recover from the BESCO the amounts owed under the BESCO RLOC, the BESCO Equipment LOC, including all sub-notes; the BESCO $135,000 Sub-Note, the BESCO $66,178 Sub-Note, the BESCO $66,029 Sub-Note and the BESCO $70,193 Sub-Note.

## Count XXIII

### *Quantum Meruit* – Defendant Jim Joy

192.     Sovereign repeats and realleges the allegations in the preceding paragraphs as if more fully set forth herein.

193.     Jim Joy has used and benefited from the Jim Joy Note, and for which full payment has not been made.

194.     Sovereign is entitled to recover from Jim Joy the amounts owed under the Jim Joy Note.

WHEREFORE, Sovereign respectfully requests that this Court enter a judgment:

A.  Directing the Replevin of the BESCO Equipment;

B.  Permitting Sovereign to attach and replevy of the BESCO Equipment in advance of final judgment;

C.  Awarding money damages in the amount of $154,111.56, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count II and Count VIII of this Complaint;

D.  Awarding money damages in the amount of $639,626.33, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count III, Count IX, Count X and Count XI of this Complaint;

E.  Awarding money damages in the amount of $121,245.61, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count IV, Count XII and Count XIII of this Complaint;

F.  Awarding money damages in the amount of $58,434.15, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count V, Count XIV and Count XV of this Complaint;

G.  Awarding money damages in the amount of $61,734.03, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count VI, Count XVI and Count XVII of this Complaint;

H. Awarding money damages in the amount of $65,704.25, plus interest, the cost of this suit, attorneys' fees and other recoverable amounts in relation to Count VII, Count XVIII and Count XIX of this Complaint;

I. Awarding money damages, the cost of this suit, attorney fees and other recoverable amounts in relation to Count XX, Count XXI, Count XXII and Count XXIII

Respectfully Submitted,

SOVEREIGN BANK

By their attorneys,

PRETI FLAHERTY BELIVEAU
& PACHIOS, PLLP

Dated:  April 6, 2010            By: /s/ Joshua E. Menard
                                 Joshua E. Menard, NH Bar #15352
                                 P.O. Box 1318
                                 Concord, NH 03302-1318
                                 (603) 410-1500
                                 jmenard@preti.com